**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Deedra Pulda, | No. CV-13-00399-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Target Stores, Inc., a Minnesota Corporation dba Target Corporation, John Does and Jane Does 1-10, ABC Corporations 1-10 and XYZ Partnerships 1-10, | |
| Defendant. | |

Defendant Target Stores, Inc. ("Target") has filed a motion for summary judgment.  Doc. 37.  The motion is fully briefed and no party has requested oral argument.  The Court will grant the motion.

**I.    Background.**

On January 25, 2011, Plaintiff Deedra Pulda was injured while shopping with her adult daughter, Candace Dodd, and grandson at a Target store in Ahwatukee, Arizona. After completing her purchases, Plaintiff slipped and fell on a trail of clear liquid near the registers.  At the time Plaintiff fell, she was following directly behind Ms. Dodd, who was pushing a shopping cart that was carrying a case of water underneath the main basket.  Neither Plaintiff nor Ms. Dodd saw anything on the floor prior to Plaintiff's fall, and neither woman knew how the liquid got on the floor or how long it had been there.

At the time of the incident, there were at least three Target employees in the

vicinity, including two cashiers and an employee at the customer service desk. Video surveillance footage shows several guests and employees passing through the area approximately ten seconds before Plaintiff's accident. No employees or guests reacted to any liquid on the ground or experienced a slip or fall.

**II.    Legal Standard.**

A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

**III.   Analysis.**

Under applicable Arizona law, a business owner "is not an insurer of the safety of a business invitee, but only owes a duty to exercise reasonable care to his invitees." *Walker v. Montgomery Ward & Co., Inc.*, 511 P.2d 699, 702 (Ariz. Ct. App. 1973) (citations omitted). "The mere occurrence of a fall on a floor within business premises is insufficient to prove negligence on the part of the proprietor." *Id*. To impose premises liability, Plaintiff must prove that the dangerous condition was a result of Target's acts or that Target had actual or constructive knowledge of the condition. *Id*.

Plaintiff does not argue that Target or any of its employees created or had actual knowledge of the hazardous condition. The only possible basis for Target's liability, therefore, is Target's constructive notice of the dangerous condition.

Plaintiff argues that there is sufficient evidence from which a reasonable jury could find that Target had constructive notice of the dangerous condition. Doc. 39 at 4-5.

She argues the following facts:  Plaintiff slipped and fell in an area immediately adjacent to store registers that were occupied by Target employees; the area had heavy customer and employee traffic and should have been under constant inspection by Target employees; after Plaintiff fell, a trail of water approximately 15 feet long and one foot wide was observed on the floor; and surveillance video shows the water trail could have been on the ground for at least ten seconds while employees were working within a few feet of its location.  Doc. 39 at 5.  Plaintiff argues that even if Target's employees did not see the water trail, "it is reasonable to infer that they could or should have seen it (or recognized water was being spilled) if they had been [exercising reasonable care]."  *Id*.

"One of the most important questions that must be answered in establishing constructive notice of a dangerous condition is the [l]ength of time that a given foreign substance has been present."  *Walker*, 511 P.2d at 702.  "Only if [a dangerous condition] had been [present] for a sufficient length of time for the defendant, in the exercise of reasonable care, to find and remove it, could the defendant be found negligent."  *McGuire v. Valley Nat'l Bank of Phoenix*, 381 P.2d 588, 590 (Ariz. 1963).

In *Walker*, the plaintiff brought suit when she slipped on a "wet, yellowish substance" determined to be a peach, or a piece of a peach.  511 P.2d at 701.  The trial court granted summary judgment in the defendant's favor because the plaintiff was unable to show how long the hazard had been on the floor.  *Id*. at 703.  The Arizona Court of Appeals affirmed, ruling that a plaintiff "must show that the defective condition had been in existence for a sufficient length of time prior to the injury for the defendant, in the exercise of reasonable care, to find and correct it, or take remedial action."  *Id*. at 703; *see also Contreras v. Walgreens Drug Store No. 3837*, 149 P.3d 761, 762 (Ariz. Ct. App. 2006) (affirming trial court's grant of summary judgment for Walgreens where plaintiff "presented no evidence that Walgreens' employees either caused or knew of the dangerous condition" nor any evidence "as to the length of time that the spill existed.").

In this case, Plaintiff has produced no evidence of when the liquid appeared on the floor or how long it was there before she slipped.  Indeed, Plaintiff and Ms. Dodd each

testified that they do not know how long the liquid was on the ground or how it got there. Doc. 38 at 19, 22-23.  Although Plaintiff points to the store video as evidence that no person walked through the area in the ten seconds before her fall, the video does not show the liquid, and Plaintiff does not present evidence that the liquid was on the floor before the ten-second period began.  One possibility from the evidence is that Plaintiff slipped on water that leaked from the case of water beneath the shopping cart Ms. Dodd was pushing in front of Plaintiff.  The evidence presented by Plaintiff does not rule out this possibility.

Under *Walker* and subsequent Arizona cases, Plaintiff must produce evidence that the liquid was on the floor long enough for Target and its employees, in the exercise of reasonable care, to find and remedy the hazard.  Plaintiff has not done so, and summary judgment must therefore be entered in favor of Target.  *See Walker*, 511 P.2d at 703; *Contreras*, 149 P.3d at 762; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.").

**IT IS ORDERED** that Target's motion for summary judgment (Doc. 37) is **granted**.  The Clerk is directed to terminate this matter.

Dated this 4th day of June, 2014.

_____
David G. Campbell
United States District Judge